# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00690-CR

**Frederick Daniel Boswell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 55939, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Frederick Daniel Boswell pleaded guilty to aggravated sexual assault of a child pursuant to a plea bargain limiting his punishment to no more than thirty years in prison. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2004-05). After hearing testimony relevant to sentencing, the court assessed a twenty-five year prison term. The court certified that it gave Boswell permission to appeal. *See* Tex. R. App. P. 25.2(a)(2)(B).

Boswell's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v.*

*State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Boswell filed a pro se brief. He raises several issues, most centering on or related to his claim that his trial counsel rendered ineffective assistance. Boswell contends:

- His attorney failed to adequately investigate the allegations against him, did not call available beneficial witnesses, and was generally unprepared for trial.

- The prosecutor's questioning of witnesses and arguments to the court were based on lies and misrepresentations of the facts, and that his attorney failed to object.

- He was denied the right to testify in his own behalf.

- His guilty plea was the result of fear, coercion, bad advice, and illness, and hence involuntary. Indeed, appellant asserts that his mental state was such as to render him incompetent for trial.

- The punishment he received exceeds that imposed in similar cases.

To prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *and see Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); *O'Hara v. State*, 837 S.W.2d 139, 143 (Tex. App.—Austin 1992, pet. ref'd). In reviewing a claim of ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record

2

and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). In most cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Id*.

Most of Boswell's allegations are based on factual assertions that are not supported by the appellate record (the pro se brief and its attachments are not evidence). Although the record does reflect that a defense witness learned only on the day of trial that she was going to testify, and that a person subpoenaed by the defense was not called to testify, these facts alone do not warrant the conclusion that counsel was not prepared to render reasonable professional assistance. We also note that some of Boswell's factual assertions are contradictory, and that others are contrary to the record. Boswell can best pursue his claims in a post-conviction habeas corpus proceeding. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West 2005).

We have reviewed the record, counsel's brief, and the pro se brief. We agree that the appeal is frivolous and without merit.

The judgment of conviction is affirmed.

 

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: July 8, 2005

Do Not Publish